**COURT OF COMMON PLEAS**
**FOR THE STATE OF DELAWARE**
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302)735-1948

**ANNE HARTNETT REIGLE**
**JUDGE**

June 16, 2014

Frederick Townsend, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE 19901

Ms. Shelley Anne Smith
592 Blackiston Road
Clayton, DE 19938

RE:  *Petition to Change Name of Maclaren Sterling Blow to Maclaren Sterling Smith*
**C.A. No. CPU5-14-000298**

Dear Mr. Townsend and Ms. Smith:

Mr. Maclaren Sterling Blow has petitioned this Court to change his name to Maclaren Sterling Smith, with the assistance of his biological mother, Ms. Shelley Anne Smith. Respondent, Mr. Donald K. Blow, Jr., who is Mr. Maclaren Blow's biological father, opposes the petition. This is the Court's decision denying the petition.

The petition is in order as to the statutory prerequisites. A hearing was held in this matter on June 2, 2014 in conjunction with another similar petition[1] filed by Ms. Mallory Sinclair Blow, Mr. Maclaren Blow's older sister.

The Court heard testimony during the joint hearing from Ms. Smith, the mother of the children, Mr. Blow, the father of the children, Mr. Maclaren Sterling Blow, the petitioner, Ms. Mallory Sinclair Blow, the sister who also filed a petition and Ms. Maxon Sloane Blow, a sister

---

[1] *In the Matter of Mallory Sinclair Blow to Mallory Sinclair Smith,* CPU5-14-000299.

who did not file a petition. A fourth child, Mr. Merrick Sinjun Blow also filed a petition[2] as an eighteen year old adult. His petition was granted prior to the hearing on this matter. He did not testify at the hearing.

The Court's primary consideration when reviewing a petition for the name change of a minor child is the welfare of the child.[3] In determining a child's best interest, certain factors have been regarded by the courts as of prime importance. These factors include 1) the recognition of the usual custom of a child having the paternal surname; 2) the interest that the responding parent has taken in the child's welfare as evidenced by support, visitation and response to the petition; and 3) the effect that the proposed name change will have on the relationship between the respondent and his child recognizing that such may cause estrangement of the child from the parent.[4] In order to determine whether it is in the best interests of a petitioner to grant the proposed name change, ten factors are appropriate for consideration by the Court.[5] Each of these factors will be addressed separately. They are:

1. *A parent's failure to financially support the child.* The parties' testimony was in agreement on this point. Mr. Blow paid child support for Mr. Maclaren Blow. Although there was some disagreement about specific charges and the final amount that Mr. Blow would pay and an admission by Mr. Blow that he was not currently paid in full, I do not find that the father has failed to financially support the child and this factor weighs in favor of the Respondent.

2. A *parent's failure to maintain contact with the child.* The parties' testimony was mixed on this point. Respondent has not seen Mr. Maclaren Blow since he left the marital home. Mr. Maclaren Blow testified that he does not have a relationship with his father and that he

[2] *In the Matter of Merrick Sinjun Blow to Merrick Sinjun Smith,* CPU5-14-000300.
[3] *In re Kinderman to Gallagher,* 2009 WL 2857960, at *2 (Del. Com. Pl.).
[4] *In re Kinderman* at *3.
[5] *In re Kinderman* at *3-4.

believed that was his father's choice. Respondent testified that his efforts to see his son and other children have been blocked by Ms. Smith. Apparently Ms. Smith and Mr. Blow do not communicate regarding the children and this has resulted in Mr. Blow not knowing Mr. Maclaren Blow's school or activities. Despite these factors, Respondent has made some minimal efforts to see his son and he testified that he wished to see all of his children and have a relationship with them. I do not find that the father failed to maintain contact with the child and this factor weighs in favor of the Respondent.

3. *The length of time that a surname has been used for or by the child.* All parties agreed that Mr. Maclaren Blow has used Blow as his last name since birth, while his parents were still married. He is almost twelve years of age. I find that this factor weighs in favor of the Respondent.

4. *Misconduct by one of the child's parents.* The Court finds nothing that would rise to a finding of misconduct by either parent; therefore, this factor is given no weight for either party.

5. *Whether the surname is different from the surname of the child's custodial parent.* Mr. Maclaren Blow currently lives with his mother who has the name of Smith. However, Ms. Smith chose to return to her maiden name as part of her divorce, despite having four children who retained their father's surname. In addition, a custody petition is pending in Family Court and the custodial parent could change. For this reason, this factor is given no weight for either party.

6. *The child's reasonable preference for a surname.* Mr. Maclaren Blow will turn twelve in one month on July 12, 2014. He testified that he wishes his name to be changed to Smith. However, he also testified that he believed that his lack of a relationship with his father was his father's choice. This was not Mr. Blow's testimony. Mr. Blow testified that he wanted a

3

relationship with his Mr. Maclaren Blow and his other children. Mr. Maclaren Blow had one brother and one sister who wished to change their names. He also has one sister who did not petition the Court to change her name, although she testified that she may make such a petition in the future. Also, Ms. Smith appears to carry animosity against Mr. Blow which could have been inappropriately relayed to Mr. Maclaren Blow and influenced his filing of a petition.

When a minor is over the age of 14, the child is required to sign the change of name petition.[6] The Court has considered children as young as 13 years of age to have reached the "age of reason."[7] Although Mr. Maclaren Blow is very mature and presented himself very well, he is still very young. Although his purported preference for the name Smith weighs in favor of the Petitioner, it carries little weight with this Court.

7. *The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent.* Mr. Blow testified that he believed the petitions were part of an ongoing effort on the part of Ms. Smith to erase him from his childrens' lives. Whether or not this accusation is true or even justified, is not clear. However, I agree with Mr. Blow's assessment that the name change will further damage the relationship, as he would be removed even further from identification as his son. This Court has held that a change of a surname of a child of divorced parents can contribute to estrangement and that Courts should not foster barriers between parents and children.[8] This Court finds that this factor weighs in favor of the Respondent.

---

[6] 10 *Del. C.* § 5902

[7] *In Re Change of Name of Snyder to Cammock*, 2000 WL 33653411, at *6 (Del. Com. Pl.) citing *Petition to Change the Name of Catherine M. Weber*, 1984 WL 402547 at * 1 (Del. Com. Pl.).

[8] *In Re Change of Name of Braddock to Cassel* 2001 WL 34075405 at *8 (Del. Com. Pl.) (citations omitted).

8. *The degree of community respect associated with the child's present surname and proposed surname.* Although Mr. Blow did provide some unique family history, it does not appear that this factor supports either party.

9. *The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name.* There is no evidence that Mr. Maclaren Blow suffers any difficulty, harassment or embarrassment from others because his name is Blow. Therefore, I will weigh this factor in favor of the Respondent.

10. *The identification of the child as a part of the family unit.* Mr. Maclaren Blow identifies with his mother. He does not identify with his father. However, he has one sibling who is keeping, for now, her father's name, and two siblings who petitioned to change their names. Therefore, this factor does not weigh in either party's favor.

Upon consideration of all of the relevant factors, it is clear that the majority of the factors are either neutral or in favor of the Respondent. The only factor that favors the Petitioner is Mr. Maclaren Blow's preference for the name Smith. However, due to his age, this factor is given little weight. For all of these reasons, the Court concludes that it is in Mr. Maclaren Blow's best interest to have his name remain unchanged. The Petition is denied.

**IT IS SO ORDERED.**

Sincerely,

Anne Hartnett Reigle

5